UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CONNER CREEK CENTER LLC,

          Debtor.
_____/

STUART A. GOLD, TRUSTEE,

          Plaintiff,

vs.

BENJAMIN O. DAVIS VETERANS VILLAGE
LIMITED DIVIDEND HOUSING
ASSOCIATION LIMITED PARTNERSHIP, *et al.*,

          Defendants.
_____/

Case No. 23-48356

Chapter 7

Judge Thomas J. Tucker

Adv. No. 25-4076

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT BENJAMIN O. DAVIS VETERANS VILLAGE LIMITED DIVIDEND HOUSING ASSOCIATION LIMITED PARTNERSHIP (DOCKET # 31), AND GRANTING SUMMARY JUDGMENT FOR DEFENDANTS ON COUNTS I AND III OF THE TRUSTEE'S COMPLAINT**

**I. Introduction**

This adversary proceeding is before the Court on the Plaintiff Trustee's motion for summary judgment against Defendant Benjamin O. Davis Veterans Village Limited Dividend Housing Association Limited Partnership ("BOD") (Docket # 31, the "Motion"). BOD filed a response objecting to the Motion, and the Plaintiff filed a reply brief in support of the Motion. The Motion currently is scheduled for a hearing, to be held on October 29, 2025. The Court now concludes, however, that a hearing on the Motion is not necessary.

The Court has considered all of the briefs and exhibits filed by the parties, and all of the

authorities cited by the parties. For the following reasons, the Court must deny the Motion, and instead will grant summary judgment for BOD on Counts I and III of the Trustee's Complaint.

## II. Background

In the Motion, the Trustee seeks summary judgment against BOD on Counts I and III of his five-count Complaint.[1] In Count I, the Trustee alleges that BOD breached a pre-petition contract with the Debtor, under which the Debtor agreed to sell certain real estate to BOD, free and clear of liens. In Count III, the Trustee seeks to avoid and recover an allegedly improper setoff made as part of the closing of the real estate sale. The Trustee seeks summary judgment for the same relief on Counts I and III — namely, a judgment against BOD for $390,000.00, plus post judgment interest.

The Trustee filed an earlier summary judgment motion, in which the Trustee sought summary judgment on Count II of the Complaint, against Defendant RAD Conversion Specialists, LLC ("RAD").[2] After extensive briefing and a lengthy hearing, the Court denied that motion, in an Opinion and Order filed on September 25, 2025.[3] The Court not only denied the Trustee's summary judgment motion, but also entered summary judgment for RAD on Count II of the Complaint, and dismissed that Count with prejudice. In the September 25, 2025 Opinion and Order, the Court also made certain findings and conclusions that are relevant to the present Motion, and these are described in Part IV of this Opinion and Order, below.

The Trustee's first summary judgment motion, as well as the present Motion, both

---

[1] Docket # 1.

[2] Docket # 18.

[3] Docket # 41 (the "September 25, 2025 Opinion and Order").

concerned the Debtor's agreement to sell certain real estate to BOD, and the closing of that sale. The material facts are undisputed, and those facts are described in this Opinion and Order, and in the September 25, 2025 Opinion and Order.

The Debtor owned roughly 16 acres of real estate, located at 4777 East Outer Drive, Detroit, Michigan. Pre-petition, the Debtor made an agreement to sell a certain part of that real estate, consisting of 2.69 acres, to the Defendant BOD. In this Opinion and Order, the Court will refer to this 2.69 acre parcel as "Parcel B," and will refer to the remaining part of the 16 acres as the "Parent Property." The Debtor had agreed to sell Parcel B to BOD, free and clear of all liens, for $700,000.00, in an agreement entitled "Purchase Option Agreement" dated April 1, 2023 (the "Purchase Agreement").[4]

The closing of the Debtor's sale of Parcel B to BOD began shortly before the Debtor filed its voluntary Chapter 11 bankruptcy petition on September 22, 2023.[5] Some of the details about the closing are described in the Court's September 25, 2025 Opinion and Order, and are incorporated herein by reference.

As relevant to the present Motion, the Trustee alleges that BOD did not pay the Debtor the full purchase price amount of $700,000.00, because as part of the closing BOD improperly took a setoff of $390,000.00 of the purchase price, against a loan in that amount that had been made previously by Alliant Capital, Ltd. (the "Alliant Capital loan").

The Trustee alleges that the $390,000.00 Alliant Capital loan had been made on August

---

[4] A copy of this agreement is filed as Exhibit C to the Trustee's present Motion (Docket # 31-4).

[5] The Chapter 11 case was converted to Chapter 7 on October 25, 2023.

3

15, 2023, to an entity named BODVVGP, LLC, which was the general partner of BOD.[6] Payment of that loan was guaranteed by Defendant RAD, which was a 51% member of BODVVGP, LLC.[7] And, the Trustee alleges, "Robert J. Beale, through his ownership and control of RAD and BODVVGP, LLC, controlled the actions of BOD, RAD, and BODVVGP, LLC[.]"[8]

According to the Trustee, the $390,000.00 Alliant Capital loan was made "to fund the removal of mortgages and liens on Parcel B and the Parent Property. . . ."[9]

The Trustee alleges that in making the $390,000.00 setoff at closing, instead of paying that to the Debtor as part of the purchase price for Parcel B, BOD breached its Purchase Agreement with the Debtor (Count I of the Complaint), and that the setoff was an improper "triangular setoff." (Count III of the Complaint).

## III. Summary judgment standards

In considering whether summary judgment should be granted, the Court has applied the standards governing motions for summary judgment under Fed. R. Civ. P. 56,[10] which the Court now adopts and incorporates by reference from its prior opinion in the case of *Schubiner v. Zolman* (*In re Schubiner*), 590 B.R. 362, 376-77 (Bankr. E.D. Mich. 2018).

## IV. Discussion

---

[6] Br. in Supp. of Mot. (Docket # 31) at pdf pp. 14-15.

[7] *See id.* at pdf pp. 13, 15.

[8] *Id.* at pdf p. 13.

[9] *Id.* at pdf p. 15.

[10] Civil Rule 56 applies in this adversary proceeding, under Fed. R. Bankr. P. 7056.

Defendant BOD opposes the Trustee's Motion on several grounds, but it is only necessary to reach the grounds discussed below.

The Court incorporates by reference what it stated and held in the September 25, 2025 Opinion and Order. There the Court held, and now reiterates, the following, among other things:

1. Beginning well before the September 22, 2023 closing of the Debtor's sale of Parcel B to BOD, the Debtor no longer owned any interest in the right to receive any proceeds from the sale of Parcel B. That is because the Debtor had transferred ownership of those rights to RAD and Premier Property Management, LLC ("Premier"). That pre-petition transfer was made by means of a document dated September 15, 2023, entitled "Loan Agreement," that was signed by the Debtor (referred to below as the "September 15, 2023 Loan Agreement" or the "September 15, 2023 Assignment").[11]

2. "The September 15, 2023 Assignment was a valid, effective assignment under Michigan law, by the Debtor to RAD and Premier, of all of the Debtor's contractual right to receive from BOD any of the $700,000.00 purchase price for the Debtor's sale of Parcel B, under the Purchase Agreement with BOD. As a result, beginning well before the Debtor filed its bankruptcy petition on September 22, 2023, the Debtor no longer owned any right to receive sale proceeds from its sale of Parcel B."[12]

---

[11] *See* September 25, 2025 Opinion and Order at 3-4. A copy of the September 15, 2023 Loan Agreement appears in the exhibits that each side filed with respect to the Trustee's first summary judgment motion. It is in the Trustee's Exhibit F (Docket # 18-7 at pdf p. 5 of 25) and it is in RAD's Exhibit A, as part of Exhibit 21 to the Deposition of Robert Beale (Docket # 23-4 at pdf p. 5). This document also is filed as part of BOD's exhibits in its response to the present Motion. It is in BOD's Exhibit A, as as part of Exhibit 21 to the Deposition of Robert Beale (Docket # 33-2 at pdf p. 210).

[12] September 25, 2025 Opinion and Order at 6.

3. "[U]nder Fed. R. Civ. P. 56(g), the Court concludes that there is no genuine issue of material fact regarding the following, and the following facts and conclusions are deemed established in this adversary proceeding:

> A. The September 15, 2023 Assignment was a valid, effective assignment under Michigan law, by the Debtor to RAD and Premier, of the ownership of all of the Debtor's contractual right to receive from BOD any of the $700,000.00 purchase price for the Debtor's sale of Parcel B, under the Purchase Agreement with BOD.
>
> B. As a result, beginning well before the Debtor filed its bankruptcy petition on September 22, 2023, the Debtor no longer owned any right to receive sale proceeds from its sale of Parcel B."[13]

It follows from these findings and conclusions that BOD's failure to pay to the Debtor $390,000.00 of the purchase price for the Debtor's sale of Parcel B, and BOD's alleged "triangular setoff" in that amount, did not violate any contractual right of the Debtor, under the Purchase Agreement or otherwise. For that reason, the Trustee's breach of contract claim in Count I fails as a matter of law.[14]

Similarly, the Trustee's claim in Count III, that BOD made an improper $390,000.00 setoff as part of the closing of the sale of Parcel B, fails as a matter of law, because any such setoff did not violate any contractual or property right of the Debtor. And the alleged setoff

---

[13] *Id.* at 13-14.

[14] The Trustee brings his breach of contract claim as successor to the interests of the Debtor. As to that claim, therefore, the Trustee stands in the shoes of the Debtor and is subject to any defenses against the Debtor. *See Gold v. Davis* (*In re Zelazny*), 659 B.R. 544, 576 (Bankr. E.D. Mich. 2024).

6

cannot be avoided under any part of 11 U.S.C. § 553, because when it was made, the setoff was not a setoff against a debt that was any longer owing to the Debtor.[15] For these reasons, the Trustee's claim in Count III fails as a matter of law.

For these reasons, the Trustee's Motion must be denied. And the Defendants BOD and RAD,[16] rather than the Trustee, are entitled to summary judgment on Counts I and III of the Trustee's Complaint.

## V. Order

For the reasons stated above,

IT IS ORDERED that:

1. The Trustee's Motion (Docket # 31) is denied.

2. Under Fed. R. Civ. P. 56(f)(1), summary judgment is granted in favor of Defendant BOD and against the Trustee on Count I of the Trustee's Complaint, and Count I is dismissed with prejudice.

3. Under Fed. R. Civ. P. 56(f)(1), summary judgment is granted in favor of Defendants BOD RAD and against the Trustee on Count III of the Trustee's Complaint, and Count III is dismissed with prejudice.

4. The hearing on the Motion, currently scheduled for October 29, 2025 at 10:00 a.m., is

---

[15] The several subparts of § 553 apply only to setoffs and "offsets" against a debt owing to the debtor. *See* 11 U.S.C. §§ 553(a) (opening sentence); 553(a)(3) (referring to "the debt owed to the debtor"); 553(b)(1) (referring to "debt owing to the debtor"); 553(b)(2) (referring to "debt owing to the debtor").

[16] Count III of the Trustee's Complaint asserts the same claim of improper setoff against both BOD and RAD, but the Trustee's present Motion does not seek any relief against RAD under Count III. Count III fails as to both BOD and RAD, however, for the same reasons stated above.

cancelled.

**Signed on October 16, 2025**  /s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge